UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID H. SCHEUERMANN, JR. AND<br>MARTINA T. SCHEUERMANN | *<br>*<br>* | CIVIL ACTION |
| VERSUS | *<br>* | NUMBER: 14-1658 |
| OCWEN | * | SECTION "L" |

**ORDER & REASONS**

Before the Court is Plaintiffs' Motion to Remand to State Court (Rec. Doc. 11) and Defendant's Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6). (Rec. Doc. 12). The Court has reviewed the briefs and the applicable law and now issues this Order & Reasons.

**I. BACKGROUND**

This case concerns a dispute over the mortgage and mortgage note affecting the piece of property at 1 Monte Carlo Drive, Kenner, Louisiana 70065. The Plaintiffs in the case are David Scheuermann, Jr. and Martina Scheuermann. The property was originally purchased by Marguerite Links Scheuermann and David H. Scheuermann, Sr., parents of Plaintiff David Scheuermann, Jr., in 1986. On the same day the property was originally purchased and before the same notary, Plaintiff's parents conveyed a one-half interest in the property via an Act of Sale and Assumption, wherein they also assumed one-half of the debt on the promissory note secured by a mortgage on the property. The Plaintiffs ultimately acquired full interest in the property via a quitclaim from Marguerite Scheuermann following the death of David Scheuermann, Sr. Both of the senior Scheuermanns are now deceased.

The note was originally held by First Federal Savings Bank of New Orleans. It was subsequently transferred to Defendant Ocwen Loan Servicing, LLC. Ocwen contends that the

Act of Sale and Assumption violated the terms of the original mortgage agreement, as it was done without the prior written consent of the Lender.

Plaintiffs filed this suit in the 24th Judicial district Court for the Parish of Jefferson on June 10, 2014, seeking a declaratory judgment recognizing the validity of the Act of Sale and Assumption, recognizing them as the primary obligors on the note. Defendant removed the case to this Court on the basis of diversity on July 18, 2014.

## II. MOTION TO REMAND

In their Motion to Remand, Plaintiffs content that diversity jurisdiction does not exist under 28 U.S.C. §1332 because the $75,000 amount in controversy requirement is not met. They first contend that there is no amount in controversy, as they are seeking declaratory relief, not a money judgment. (Rec. Doc. 11-2). Alternatively, they argue that the amount in controversy should be measured by the outstanding balance of the loan, which is approximately $21,930.92.

Defendants respond, alleging that the amount in controversy should be determined based on the value of the property because the Plaintiffs ask for a declaratory judgment recognizing the validity of the Act of Sale and Assumption. (Rec. Doc. 19). Because the property is valued at $221,300, it argues that the amount in controversy is satisfied.

## III. LAW AND ARGUMENT

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, a defendant may remove a case to federal court if the federal court would have had original jurisdiction over the action. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and

statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the defendant to prove, by a preponderance of the evidence, that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Here, the parties dispute whether the amount in controversy requirement is met. When the relief requested is a declaratory judgment, the appropriate measure of the amount in controversy is the object that is subject of the litigation. *Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d 338, 341 (5th Cir. 2013). Defendant attempts to argue that the amount in controversy should be measured by the value of the property; however, this argument fails. The Court is not convinced that the ownership of the underlying property is in fact in dispute, as the original owners are deceased and the Plaintiffs are listed as the owners of the property in the Jefferson Parish records. The Defendant does not itself assert any ownership interest in the property, and the Plaintiffs do not dispute that the Defendant is the present holder of the mortgage and note. Moreover, under the terms of the original Mortgage agreement, the Defendant's relief in the case of an unapproved transfer is acceleration of the note. (Rec. Doc. 12-3 at 6). It does not, however, have the power to stop or unwind the transfer of the property. The Court is therefore convinced that the relief requested by the Plaintiffs is recognition as primary obligors on the loan, and obligation they claim to have incurred as part of the Act of

Sale and Assumption. At most, the amount in controversy is $21,930.92. Because the value of the loan is currently less than the jurisdictional requirement, the Court is without jurisdiction in this matter.

**IV. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand is GRANTED. Because this court lacks jurisdiction, Defendant's Motion to Dismiss is DENIED as moot.

New Orleans, Louisiana, this 6th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE